■ MELVILLE J. GOLDING, Appellant-Respondent, v. DOROTHY S. GOLDING, Respondent-Appellant.— In an action by a husband for a separation in which his wife counterclaimed for a separation on the ground, *inter alia*, of abandonment, the parties appeal from an order which, *inter alia*, awarded $500 a week as temporary alimony for the support of the wife and their four children and a counsel fee of $8,000, one half of which was payable within two weeks after the service of a copy of the order with notice of entry and the balance when the case was actually reached for trial, with leave to the wife or her attorney to apply for a further counsel fee to the Trial Justice, should the evidence at the trial so warrant. The wife seeks an increase in the awards of temporary alimony and counsel fees and the husband seeks a decrease thereof. Order, insofar as appealed from, affirmed, without costs. On the conflicting affidavits, Special Term did not improvidently exercise its discretion. The best protection for a husband who contends that the temporary alimony awarded is excessive is to seek a speedy trial, at which the facts can be fully developed. An award of temporary alimony based on conflicting affidavits should have no effect upon the Trial Justice in his determination as to whether permanent alimony should be awarded and the amount thereof, if awarded (*Goldberg* v. *Goldberg*, 4 A D 2d 884; *Kaplan* v. *Kaplan*, 5 A D 2d 676). The best protection for a husband who questions an award of counsel fees is a prompt appeal from the order. There was neither a speedy trial nor a speedy perfection of the appeal from the order. The award of counsel fees was not inadequate, particularly in view of the fact that leave was given to apply to the Trial Justice for an additional allowance. The record reveals that the order was entered on July 30, 1957, the husband's notice of appeal is dated August 1, 1957, the wife's notice of appeal is dated August 28, 1957, the attorneys stipulated to the record and waived certification on March 26, 1958 and the appeal was argued at the June, 1958 Term. Both sides have apparently been guilty of laches in perfecting the appeal. The briefs reveal that, after a trial

in May, 1958 which ended on May 12, 1958, a decision was rendered which appears in the *New York Law Journal* of June 2, 1958 (p. 15, col. 6). The decision dismissed the complaint, granted a separation to the wife on the ground of abandonment, awarded her custody of the four children, and directed that the amount of permanent alimony should be determined at a subsequent hearing in accordance with the stipulation of the parties. We shall assume *arguendo* that, if the appeal had been promptly perfected, this court might have held that the counsel fee of $8,000 was excessive and that the temporary alimony was improper as to amount. The wife, by failing to obtain a speedy trial or promptly to perfect the appeal, which would have involved the hazard of a loss of alimony for herself or a reduction in the amount provided for in the order, has received the benefit of the substantial awards. Assuming *arguendo* that the award of temporary alimony was inadequate, we would not determine at this time that it was inadequate in view of the developments and the proceedings in the case, and in view of the facts that the award was based on conflicting affidavits, was not palpably inadequate and was very substantial in amount. Similarly, assuming *arguendo* that the temporary alimony and the counsel fees were excessive, we would not determine at this time that they were excessive, in view of the developments and proceedings in the case and in view of the facts that the awards were based on conflicting affidavits and were not palpably excessive. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.